IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JASON RUDOLPH STANFORD, | § | No. 1:25-CV-792-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BEHROOZ P. VIDA, et al., | § | |
| | § | |
| Defendants. | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING PLAINTIFF'S MOTIONS; (3) DISMISSING RICO CLAIMS WITH PREJUDICE; AND (4) DISMISSING STATE-LAW CLAIMS WITHOUT PREJUDICE

Before the Court is: (1) a Report and Recommendation (the "Report") (Dkt. # 5) submitted by United States Magistrate Judge Mark Lane; and (2) no less than nineteen motions and other filings by Pro Se Plaintiff Jason Rudolph Stanford ("Plaintiff" or "Stanford"). (Dkts. ## 7–25.) The Court finds these matters suitable for disposition without a hearing. After reviewing the Report, the Court **ADOPTS** Judge Lane's recommendations and **DISMISSES WITH PREJUDICE** Plaintiff's RICO claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state-law claims. Accordingly, Plaintiff's pending motions (Dkts. ## 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25) are **DENIED**. The Court again **WARNS**

1

Plaintiff that continuing to file frivolous or duplicative suits in this court may result in imposition of monetary sanctions and a pre-filing bar.

## BACKGROUND

Jason Stanford, a resident of Irving, Texas, is a repeat pro se filer who was declared a vexatious litigant by the United States District Court for the Northern District of Texas, where he must seek leave before filing any new litigation.  See Stanford v. England Carrier Servs. LLC, No. 4:24-CV-00241-O-BP, 2024 WL 3732487, at *1 (N.D. Tex. Aug. 7, 2024).  The Northern District also sanctioned Stanford under Rule 11 for knowingly filing false and misleading documents.  England Carrier, No. 4:24-CV-00241-O-BP, Dkt. 24 (July 23, 2024).  Since then, he has filed several cases in this District.  See Stanford v. State of Texas, No. 1:24-CV-01132-RP (W.D. Tex. Sept. 24, 2024) (sharing many of the same defendants as the above-captioned action before it was dismissed as frivolous); Stanford v. Vida ("Vida II"), No. 1:25-CV-00817-DAE-ML (W.D. Tex. May 28, 2025).  This suit duplicates all but one of his defendants in Vida (II) and shares many defendants with his Texas and England Carrier suits.  Judge Lane also issued a vexatious litigant warning in Vida (II).  No. 1:25-CV-00817-DAE-ML (Dkt. # 6).

In the present case, Plaintiff brings claims against Behrooz P. Vida, the Chapter 7 Trustee in his bankruptcy matter and Vida's law firm, Vida Law

2

Firm, PLLC.  He sues corporate entities England Carrier Services, LLC ("ECS"); NFusion Capital Finance, LLC; and GlobalTranz Enterprises, LLC (collectively, the "Corporate Defendants").  He also sues the attorneys who represented these entities: Lauren M. Nelson, Christopher Snead, Joseph Luce, Ken Starr, and Spencer Fane LLP, attorneys Nelson and Snead's firm.  Finally, he sues his own previous counsel: Marcus Leinart, Richard Anderson, and Leinart Law, PLLC.  Plaintiff asserts two RICO claims and four state law claims, all arising out of events that took place in Plaintiff's previous litigations and bankruptcy matters.  (See Dkt. # 1.)

On September 4, 2025, Judge Lane issued his Report in the present case, recommending that this Court dismiss with prejudice Plaintiff's RICO claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss without prejudice Plaintiff's state-law claims.  Judge Lane further warned Plaintiff that continuing to file frivolous or duplicative suits in this court may result in imposition of monetary sanctions and pre-filing bar.  Plaintiff failed to heed Judge Lane multiple warnings and proceeded to file at least 28 motions on the docket of this Court, including in Vida (II).  Plaintiff filed his objections to the Report on September 22, 2025.  (Dkt. # 26.)

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate

3

Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). Furthermore, conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's objections are based upon. See Palomo v. Collier, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

ANALYSIS

In his Report, Judge Lane determined that Plaintiff "fails to allege any facts that support his conclusory allegations of wrongdoing by the parties who litigated for or against him." (Dkt. # 5 at 7.) Regarding this, Judge Lane determined that Plaintiff cited non-existent cases in support of his arguments and otherwise failed to allege facts to support a pattern of racketeering activity necessary to establish his RICO claims. (Id. at 6–8.)

As a preliminary matter, the Court first addresses the various motions for judicial notice to which Plaintiff cites throughout his objections. (See Dkts. ## 7–21, 23–25.) A district court may take judicial notice of a "fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While some of Plaintiff's many pending motions for judicial notice may be procedurally proper, most are disguised attempts to re-argue various points and improperly ask the Court to take judicial notice of various conclusory allegations after Judge Lane already recommended dismissal. (See, e.g., Dkts. ## 7, 16, 25.) Objections to a Report and Recommendation are not the proper vehicle for allowing parties to raise at the district court new evidence, argument, and issues that were not presented to the magistrate judge. Cupit v. Whitley, 28

F.3d 532, 535 n.5 (5th Cir. 1994).  Thus, to the extent that Plaintiff cites his various pending motions in support of his objections to the Report, the Court will not consider such evidence.  Even were the Court to consider Plaintiff's new evidence, nothing contained therein raises any viable legal argument or points to any error by Judge Lane.

Plaintiff first objects that the Report "contains no factual findings or application of law, violating § 636(b)(1) and Rule 72(b)."  (Dkt. # 26 at 2.)  Plaintiff then contends that his motions, which were filed after the Report, "demonstrate this defect and show that findings are indispensable."  (Id.) (citing Dkts. ## 7, 16, 23.)  The Court disagrees.  Judge Lane discusses the elements of civil RICO claims, the pleading requirements of such claims, and the allegations Plaintiff put forth in support of these elements.  (Dkt. # 5 at 5–8.)  To the extent the Report does not address each of Plaintiff's allegations, any deficiency is due to the frivolous nature of Plaintiff's pleadings and Plaintiff's own failures to allege facts sufficient to support his claims.

Plaintiff next objects that the Report improperly recommends dismissal with prejudice.  (Dkt. # 26 at 2.)  It is true that courts ordinarily should not dismiss pro se complaints for failure to state a claim without first extending an opportunity to amend the pleadings.  Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).  However, a chance to amend is "unnecessary in cases where the facts

alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" Eason v. Thaler, 14 F.3d 8, 8-9 & n.5 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327–28 (1989)). Here, Judge Lane thoroughly reviewed the history of this case and Plaintiff's repeated attempts to litigate his claims despite being labeled as a vexatious litigant. Irrespective of Plaintiff's history of frivolous lawsuits, Judge Lane independently found Plaintiff's claims to be frivolous. (Dkt. # 5 at 5–8.) Therefore, the Court agrees that dismissal with prejudice is proper.

Plaintiff also objects that the Report erroneously requires proof of criminal conviction. (Dkt. # 26 at 2). Plaintiff does not cite to any portion of the Report that requires proof of criminal conviction, and the Court cannot identify where Judge Lane purports to require proof of criminal conviction. The Report states the common elements of a civil RICO claim and finds that Plaintiff failed to allege any facts to support his conclusory allegations of wrongdoing by Defendants. (Dkt. # 5 at 5–8.) At no point did Judge Lane base his finding on a failure to allege criminal conviction.

Plaintiff's next three objections again make conclusory arguments based almost entirely on reference to his various pending motions. Plaintiff objects that the Report ignored binding judicial admissions and argues that his motions establish (1) "self-dealing and fiduciary breach," and (2) "[f]raud upon the court

7

[which] invalidates judicial proceedings." (Dkt. # 26 at 2–3.) Once again, the Court will not consider new arguments and evidence that were not presented to Judge Lane. See Cupit, 28 F.3d at 525 n.5. Even if the Court was to consider such evidence, Plaintiff's objections amount to legal conclusions unsupported by the record.

Based on the foregoing and given his detailed consideration, the Court finds that Judge Lane's rulings in this matter were not clearly erroneous. Therefore, the Court will overrule Plaintiff's objections, and the Report will be adopted. The Court will dismiss with prejudice Plaintiff's RICO claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss without prejudice Plaintiff's state-law claims due to lack of jurisdiction. Accordingly, Plaintiff's pending motions are denied (Dkts. ## 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25). Lastly, the Court warns Plaintiff that continuing to file frivolous or duplicative suits in this court may result in imposition of monetary sanctions and a pre-filing bar.

## CONCLUSION

Based on the foregoing, the Court: (1) **ADOPTS** Judge Lane's Report and Recommendation (Dkt. # 5) as the opinion of the Court; and (2) **DENIES** Plaintiff's pending motions (Dkts. ## 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25). It is further **ORDERED** that Plaintiff's RICO claims in this

case are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's remaining state-law claims are **DISMISSED WITHOUT PREJUDICE.** The Court again **WARNS** Plaintiff that continuing to file frivolous or duplicative suits in this court may result in imposition of monetary sanctions and a pre-filing bar. The Clerk's Office is **INSTRUCTED** to **ENTER JUDGMENT** and **CLOSE THE CASE.**

      **IT IS SO ORDERED.**

      **DATE:** Austin, Texas, October 22, 2025.

_____
David Alan Ezra
Senior United States District Judge